UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID E. McKEE, | )<br>) No. CV-09-5068-JPH |
| Plaintiff, | )<br>) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE, Commissioner<br>of Social Security, | )<br>) |
| Defendant. | )<br>)<br>) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on June 4, 2010 (Ct. Rec. 10, 12). Attorney Thomas Bothwell represents plaintiff; Special Assistant United States Attorney David R. Johnson represents the Commissioner of Social Security ("Commissioner"). The parties consented to proceed before a magistrate judge (Ct. Rec. 3). On May 10, 2010, plaintiff filed a reply (Ct. Rec. 14). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment (Ct. Rec. 12) and **DENIES** plaintiff's Motion for Summary Judgment (Ct. Rec. 10).

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) on July 12, 2006, alleging onset as of April 2, 2006, due to post-traumatic stress disorder (PSTD), depression,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 1 -

and alcoholism (Tr. 100-102). The application was denied initially and on reconsideration (Tr. 68-70, 74-75). Administrative Law Judge (ALJ) Paul Gaughen held a hearing on October 7, 2008. Plaintiff, represented by counsel, psychology expert Scott Mabee, Ph.D., and vocational expert K. Diane Kramer testified (Tr. 31-61). On November 28, 2008, the ALJ issued a decision (Tr. 10-23) finding plaintiff disabled when substance abuse is included (Tr. 23). He found DAA is a contributing factor material to plaintiff's disability determination (Tr. 10, 20). The ALJ found when DAA is excluded, plaintiff is not disabled. Accordingly, he found plaintiff not disabled (Tr. 23). The Appeals Council denied a request for review on January 2, 2009 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On August 5, 2009, plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g)(Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both parties, and are summarized here where relevant.

Plaintiff was 54 years old at onset and 57 at the hearing. He earned a GED while in the military, and attended one year of college (Tr. 44, 122, 501). Plaintiff testified he is unable to work because he cannot be around people. He experiences flashbacks and anxiety (Tr. 45-46). He drank "a lot" between 1993 and 1998 (Tr. 58-59) and it "kept all the symptoms down" [apparently, of PTSD](Tr. 45). Plaintiff reads, watches television, cleans house, cooks, drives when necessary, and "tinkers" in a shop. Mr. McKee

testified he told the VA he would not take prescribed medication anymore (Tr. 50-51).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment

is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a

"significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240,1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

1  "The [Commissioner's] determination that a plaintiff is not
2  disabled will be upheld if the findings of fact are supported by
3  substantial evidence." *Delgado v. Heckler*, 722 F.2d 570,572 (9th
4  Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
5  more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
6  1119 n.10 (9th Cir. 1975), but less than a preponderance.
7  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
8  *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
9  573, 576 (9th Cir. 1988). Substantial evidence "means such
10 evidence as a reasonable mind might accept as adequate to support
11 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
12 (citations omitted). "[S]uch inferences and conclusions as the
13 [Commissioner] may reasonably draw from the evidence" will also be
14 upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On
15 review, the Court considers the record as a whole, not just the
16 evidence supporting the decision of the Commissioner. *Weetman v.*
17 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.*
18 *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

19      It is the role of the trier of fact, not this Court, to
20 resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
21 evidence supports more than one rational interpretation, the Court
22 may not substitute its judgment for that of the Commissioner.
23 *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
24 (9th Cir. 1984). Nevertheless, a decision supported by substantial
25 evidence will still be set aside if the proper legal standards
26 were not applied in weighing the evidence and making the decision.
27 *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,
28 433 (9th Cir. 1987). Thus, if there is substantial evidence to

support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one the ALJ found plaintiff has not engaged in substantial gainful activity since onset on April 2, 2006 (Tr. 12). At steps two and three, he found plaintiff suffers from alcohol and marijuana abuse/dependence (DAA), depression, and anxiety, impairments that are severe but do not alone or in combination meet or equal the severity of the Listings (Tr. 12, 17). The ALJ assessed an RFC with DAA included (Tr. 18). At step four he found with DAA, plaintiff cannot perform past work (Tr. 19). At step five he found there are no jobs Mr. McKee could perform when DAA is included. He found plaintiff disabled (Tr. 20).

Because the ALJ found plaintiff disabled when DAA is included, he properly went on to perform the required second five step sequential evaluation. 20 C.F.R. §§ 404.1525 and 416.935 and *Parra v. Astrue.*[1] At step twos and three, he found without DAA, plaintiff's impairments would be severe but would not meet or equal the Listings (Tr. 20). At step four he found without DAA plaintiff is able to perform his past work as a landscape laborer (step 4)(Tr. 22). Because step 4 was determinative, step 5 was unnecessary. The ALJ found DAA was a contributing factor material

---

[1] *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008).

to the disability determination (Tr. 25-26). Accordingly, he found plaintiff is barred from receiving benefits and is therefore not disabled as defined by the Social Security Act (Tr. 26).

**ISSUES**

Plaintiff primarily challenges the ALJ finding that DAA is material to the disability finding. He contends the ALJ erred when he assessed credibility, failed to properly weigh the opinions of Dr. Mabee, examining psychologist, Jenifer Schulz, Ph.D., and the VA providers, specifically, the VA's disability determination (Ct. Rec. 11 at 14-27).

The Commissioner asserts the ALJ rejected some of Dr. Mabee's opinions for two reasons. One, the ALJ found Dr. Mabee's assessment included DAA. Because the ALJ found plaintiff disabled when DAA is included, Dr. Mabee's opinion did not address the relevant issue: plaintiff's limitations when he is not using substances. Second, the Commissioner asserts the ALJ discounted Dr. Mabee's assessed significant limitations because they are contrary to plaintiff's demonstrated abilities. The Commissioner contends both reasons are specific, legitimate and supported by the evidence (Ct. Rec. 13 at 9-12).

The Commissioner's answer to plaintiff's primary argument is the ALJ properly found Mr. McKee failed to meet his burden of showing DAA was immaterial to the disability determination (Ct. Rec. 13 at 6-7, 9). The Commissioner asserts the ALJ properly rejected Dr. Schultz's assessed GAF of 40 because it was inconsistent with her own more specific findings in the same evaluation (Ct. Rec. 13 at 12-13). The Commissioner asserts the ALJ properly weighed the opinions of the VA providers, including

the VA disability determination (Ct. Rec. 13 at 14-16), and plaintiff's credibility (Ct. Rec. 13 at 16-19). The Commissioner asserts the decision is free of legal error and supported by substantial evidence, and asks the Court to affirm (Ct. Rec. 13 at 20).

The ALJ found plaintiff suffers from the severe impairments of anxiety and depression, as noted, but not PTSD. Plaintiff alleges the ALJ erred when he failed to find PTSD a severe impairment at step two (Ct. Rec. 11 at 15-17). The ALJ found plaintiff disabled when DAA is included. The relevant inquiry became the analyzing the second five step evaluation.

Because the ALJ found plaintiff disabled with DAA, the court agrees with the Commissioner any error at step two in the first five step sequential evaluation process is clearly harmless since the ALJ's determination was favorable to plaintiff (Ct. Rec. 13 at 8-9), citing *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). Any arguable error in failing to find PTSD a severe impairment at step 2 of the second sequential evaluation is also harmless because the record fully supports the limitations assessed by the ALJ based on depression and anxiety; these appear to be plaintiff's primary complaints with respect to functioning when DAA is excluded. Even if the ALJ found PTSD a severe impairment, the evidence does not establish plaintiff suffers any limitations greater than included in the assessed RFC.

**DISCUSSION**

**A. Weighing evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 9 -

evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

    A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

    In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to

reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. DAA material to determining disability**

Plaintiff alleges the ALJ erred when he found DAA material to determining disability.

Dr. Mabee testified plaintiff suffers from PTSD and recurrent major depression (Tr. 38). He assessed several moderate, as well as moderate to marked, limitations in social functioning (Tr. 38-41).

With respect to the effects of DAA on plaintiff's functioning, Dr. Mabee testified

> I did not address 12.09 [substance abuse] because I saw that [it appeared to predate] . . . the alleged onset period by at least two years, and therefore [was] not contributing to current functioning.

(Tr. 38).

The ALJ points out Dr. Mabee was mistaken (Tr. 17). Plaintiff alleges onset as of April 2, 2006. More than four months later, according to treatment providers at the VA dated August 25, 2006, Mr. McKee tested positive for marijuana (Tr. 179). In October of 2006, Dr. Schutlz notes plaintiff drank two months ago, although he initially claimed two years' sobriety (Tr. 500, 503). The ALJ correctly discounted Dr. Mabee's assessed moderate to marked limitations because DAA was clearly present after onset. Dr. Mabee's factual mistake is a legitimate reason to discount his opinion.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 11 -

As the Commissioner accurately observes, the ALJ's assessed RFC nonetheless takes into account significant limits in social functioning similar to Dr. Mabee's.[2] When DAA is excluded, the ALJ limited plaintiff to an alcohol-free environment; opined he can engage in perfunctory social interaction; have little to no need to interact socially with bosses and co-workers; limited ability to work with or near others without being distracted, and requires set procedures with little need to adapt to significant changes (Tr. 21).

Plaintiff alleges the ALJ failed to adopt or properly reject the significant limitations that persisted even when Mr. McKee was clean and sober (Ct. Rec. 11 at 15-22). This is another way of saying he challenges the ALJ's materiality determination.

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 22). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific

---

[2] With DAA, the ALJ found plaintiff moderately limited in the ability to work with or near others without being distracted by them. He assessed moderate to marked limitations in the ability to interact appropriately with the public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers and peers (Tr. 18). As noted, with DAA, the ALJ found plaintiff disabled (Tr. 20).

cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on the many inconsistencies in plaintiff's statements as a clear and convincing reason to discount credibility. He also relied on social activities inconsistent with the degree of impairment alleged (Tr. 22).

Plaintiff worked at more than 30 jobs after returning from Viet Nam, and these were exclusively "odd jobs." The ALJ points out in plaintiff's disability report, he lists three jobs from 1983 to 2006, including serving as a police chief from 1970 to 1983, hardly an odd job. The ALJ concludes this report indicates "a fairly stable work history, despite his other statements" (Tr. 22; Exhibits 2E and 3E at Tr. 118, 124, 279). Plaintiff's descriptions of his military service have been contradictory. He served one tour in Viet Nam and does not mention being wounded; on another occasion, the ALJ notes, plaintiff served three tours and was wounded (Id.; Tri 250, 260). Plaintiff has inconsistently reported substance abuse. In August of 2006, Mr. McKee told VA

providers he smokes marijuana occasionally (Tr. 206). The same month he reported smoking marijuana once last year (Tr. 217). After a UA returned positive plaintiff admitted he smoked marijuana on June 24 and 25, 2006 (Tr. 270). A claimant's inconsistent statements diminish credibility. It is a factor the ALJ may properly rely on when assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

Plaintiff alleges the ALJ improperly relied on Mr. McKee's participation in group therapy and self-help groups in order to find social limitations less severe than alleged.

The ALJ observes plaintiff testified in the past he was only able to work when he drank because it "covered" mental health symptoms. Without alcohol, plaintiff feels he has almost no capacity to work around others (Tr. 21-22). The record does not support limitation greater than that assessed by the ALJ when DAA is excluded.

The ALJ relied on plaintiff's ability to engage in some limited social interactions while sober, because it is conduct inconsistent with allegedly severe limitations in social functioning. Six months after onset (October of 2006), Dr. Schultz notes plaintiff forces himself to attend a community activity once a month (Tr. 502). He sees a psychiatrist and a social worker, attends a group for PTSD, and meets monthly with a group of recovering veterans. Dr. Schultz describes Mr. McKee as cooperative with good eye contact (Tr. 15).

Plaintiff actively and appropriately participated in seven weeks of almost daily group therapy with groups of 10-16 men, indicating at least some ability to interact with others. In

August of 2006, records show Mr. McKee is "very active in AA and NA" during his hospitalizations (Tr. 14-15; 553-554,607). He actively engages in discussions (i.e., Tr. 191, 234) and politely greets staff each morning (i.e., Tr. 185, 189). In February of 2007, VA records show plaintiff actively participates in a PTSD group and interacts well with other members (Tr. 554).

In March of 2007, almost a year after onset, plaintiff reports attending three NA meetings a week and walking 1.5 miles daily (Tr. 16; Exhibit 3D). Significantly, Mr. McKee notes his job search has been unsuccessful, indicating he believes he can work (Tr. 554).

The ALJ's reasons for finding plaintiff less than credible are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements). The court finds no error in the ALJ's finding treatment records reflect a higher degree of social functioning than alleged; however, the error if any in relying group therapy and self-help groups as contradictory to Mr. McKee's alleged nearly complete inability to function socially without alcohol is harmless because the rest of the record and the ALJ's remaining reasons fully support the ALJ's credibility determination. Correcting it would not alter the result. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n. 9 (9th Cir. 1995). An ALJ's decision will not be reversed for errors that are harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)(internal citation omitted).

The ALJ considered Dr. Schultz's opinion. Plaintiff alleges the ALJ failed to properly credit her assessed GAF of 40,

indicating some impairment in reality testing or communication, or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood.[3] The ALJ rejected Dr. Schultz's determination because it is inconsistent with her findings in the same report, and it reflects impairment with DAA included. The ALJ observes Dr. Schultz diagnosed alcohol abuse in early full remission, based on plaintiff's reported recent relapse (Tr. 19; 502). She opined Mr. McKee has the ability to reason and a good memory. He can sustain concentration and has fair pace. Mr. McKee reports he persists to complete jobs. The ALJ notes Dr. Schultz opined plaintiff has to force himself to have social interaction [apparently based on his report]; he has not adapted well to his situation, as he continues to have conflicts with his sons. He is able to manage his finances (Id., Tr. 502-503). Although the ALJ rejected the assessed GAF, he nonetheless incorporated significant social limitations in the RFC.

An ALJ may discount an examining professional's contradicted opinion by giving specific and legitimate reasons supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). ALJ Gaughen discounted Dr. Schultz's assessed GAF because plaintiff recently relapsed, meaning DAA was present. Again the determinative issue is limitation without DAA. During the second five step evaluation, the ALJ properly discounted Dr. Schultz's assessed GAF but incorporated social limitations because DAA was present.

The ALJ's second reason is the report's inconsistency. An

---

[3]DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th ed. (DSM-IV) at p. 34.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT - 16 -

assessed GAF of 40 indicates major impairments in several areas. The ALJ points out Dr. Schultz's individualized assessments of plaintiff's specific work-related abilities do not reflect this degree of limitation (Tr. 19). Citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), the Commissioner accurately observes contradictions between a doctor's assessment of abilities and that doctor's clinical notes, observations, and opinions of the claimant's capabilities "is a clear and convincing reason for not relying on the doctor's opinion." (Ct. Rec. 13 at 13-14). An opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may also be disregarded, once those complaints have themselves been properly discounted. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) (citing *Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1463-1464 (1995).

    The ALJ's reasons for rejecting Dr. Schultz's assessed GAF are specific, legitimate and supported by substantial evidence.

    Plaintiff alleges the ALJ failed to properly credit the VA's disability determination (Ct. Rec. 11 at 14). The Commissioner responds the VA's 100% disability rating is not relevant to the analysis because, as the ALJ noted, the rating reflects limitations including DAA (Ct. Rec. 13 at 16). The ALJ also relied on Dr. Schultz's assessment of plaintiff's specific functional abilities in several areas, and his self-reported abilities, which reflect a much higher degree of functioning than assessed by the VA.

    The Commissioner is correct. The ALJ's reasons for discounting the VA's disability determination are persuasive,

specific and valid. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

**C. RFC**

As noted, the ALJ limited plaintiff to work involving superficial contact with co-workers and the public when DAA is excluded.

To the extent plaintiff challenges the RFC, the court finds it is fully supported by the evidence. This includes records from treating and examining health care providers, and plaintiff's assessed credibility. The RFC is free of harmful legal error. Accordingly, the RFC and questions to the VE are sufficient. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

The ALJ's finding DAA is material to assessing disability is supported by the record and free of error. Plaintiff does not meet his burden of showing DAA is immaterial to the disability finding.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 21st day of July, 2010.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
